IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER ZIMMERMAN, | ) | CASE NO. 4:12CV3246 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Filing No. 1), and a Motion for Leave to Proceed in Forma Pauperis ("IFP") (Filing No. 2). The court will grant Petitioner's Motion for Leave to Proceed IFP, and require him to file an amended petition for writ of habeas corpus.

I.   **Motion for Leave to Proceed IFP**

Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 fee.  28 U.S.C. § 1914(a).  However, pursuant to 28 U.S.C. § 1915(a)(1)-(2), and after considering Petitioner's financial status as shown in the records of this court, provisional leave to proceed in forma pauperis will be granted and Petitioner is relieved from paying the fee at this time.

II. **Petition for Writ of Habeas Corpus**

Section 2254 states that a district court must entertain an application for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*" 28 U.S.C. § 2254(a) (emphasis added).  Here, Petitioner alleges he is being held at the Lincoln Correctional Center by order of "Nemaha County" based on a conviction for robbery, false imprisonment, and assault.  (Filing No. 1 at CM/ECF p. 1.)

However, he does not allege he is being held in violation of the Constitution or laws or treaties of the United States. Rather, Petitioner argues that (1) he received an excessive sentence, (2) he could not have known there was "money in the ATM," (3) he was prejudiced because the prosecutor asked him who his father was, and (4) the victim could have escaped the place of assault. (*See* Grounds One, Two, Three and Four of Petition, *Id.* at CM/ECF pp. 1-11.)

The court must conduct an initial review of the Petition for Writ of Habeas Corpus to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. However, Petitioner identified no grounds on which he claims he is being held in violation of the Constitution, laws, or treaties of the United States. Thus, the pending Petition for Writ of Habeas Corpus is insufficient and the court will not act upon it. However, on its own motion, the court will grant Petitioner 30 days to file an amended petition for writ of habeas corpus. Any amended petition must specify the respondent, the grounds for relief, the facts supporting each ground, and the relief requested.

IT IS THEREFORE ORDERED that:

1. The Motion for Leave to Proceed in Forma Pauperis (Filing No. 2) is provisionally granted and Petitioner will not be required to pay the $5.00 fee at this time;

2. The pending Petition for Writ of Habeas Corpus (Filing No. 1) is deemed insufficient and the court will not act upon it;

3. On or before February 14, 2013, Petitioner must submit an amended petition for writ of habeas corpus. In the amended petition, Petitioner must specify the respondent, the grounds for relief, the facts supporting each ground, and the relief requested. Failure to comply with this Memorandum and Order will result in dismissal of this action without prejudice and without further notice;

4.     The clerk's office is directed to send to Petitioner a Form AO241 (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus) together with this Memorandum and Order; and

5.     The clerk's office is directed to set a pro se case management deadline in this case with the following text: February 14, 2013: deadline for Petitioner to submit an amended petition.

DATED this 15th day of January, 2013.

                                BY THE COURT:

                                s/Laurie Smith Camp
                                Chief United States District Judge

---

∗This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3