IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER ZIMMERMAN, | ) | CASE NO. 4:12CV3246 |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| STATE OF NEBRASKA, | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion for Status, Motion for Copies, and "Motion for Clarification of Deficiency Notice." (Filing Nos. 10, Parts 1 and 2, and 12.)

### A.  Motion for Copies

Petitioner seeks copies of the "case file" in this matter. (Filing No. 10, Part 1 of 2.) Petitioner states in his Motion that the court previously ordered the clerk's office to send these copies to him. Petitioner is incorrect. On February 12, 2013, the court directed the clerk's office to mail to Petitioner "a copy of the docket sheet" only, not a copy of every document filed in the case. (Filing No. 9 at CM/ECF p. 2.)

The statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990), (§ 1915 "does not give a litigant a right to have documents copied and returned to him at government expense"); *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976), ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973)). If Petitioner requires copies of court documents or electronic filings, he should contact the clerk's office directly to determine the proper method for requesting and paying for copies. Accordingly, the court finds that Petitioner's Motion for Copies (Filing No. 10, Part 2 of 2) is denied.

**B.     Motion for Clarification of Deficiency Notice**

Petitioner's Amended Petition for Writ of Habeas Corpus (Filing No. 8) is deficient because it is not signed as required by Federal Rule of Civil Procedure 11.  In light of this deficiency, Petitioner must submit a *completely new amended petition for writ of habeas corpus* that is signed in accordance with Rule 11.  Petitioner is warned that failure to comply with this Memorandum and Order may result in dismissal of this case without further notice.

IT IS THEREFORE ORDERED that:

1. On or before May 23, 2013, Petitioner shall submit a completely new amended petition that is signed in accordance with Rule 11.  Petitioner is warned that failure to comply with this Memorandum and Order may result in dismissal of this case without further notice;

2. The clerk's office is directed to set a pro se case management deadline using the following text: May 23, 2013: deadline for Petitioner to submit amended petition correcting signature deficiency;

3. Petitioner's Motion for Status is denied as moot.  (Filing No. 10, Part 1 of 2.);

4. Petitioner's Motion for Copies is denied.  (Filing No. 10, Part 2 of 2.);

5. Petitioner's Motion for Clarification of Deficiency Notice is granted to the extent it is consistent with this Memorandum and Order.  (Filing No. 12.); and

6. No further review of this case shall take place until Petitioner complies with this order.

DATED this 24th day of April, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.