IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER ZIMMERMAN, | ) | CASE NO. 4:12CV3246 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Christopher Zimmerman's ("Zimmerman" or "Petitioner") Petition for Writ of Habeas Corpus. (Filing No. 1.) As set forth below, the court will dismiss the petition with prejudice because it is barred by the relevant statute of limitations.

## I. BACKGROUND

### A. Conviction and First Direct Appeal

On April 16, 2008, Zimmerman pled guilty to false imprisonment in the first degree, robbery, and assault in the first degree in the Nemaha County District Court ("state district court"). (Filing No. 19-1 at CM/ECF pp. 18-19.) Thereafter, the state district court sentenced Zimmerman to a period of not less than 30 nor more than 60 months' imprisonment on the charge of false imprisonment in the first degree, a period of not less than 10 nor more than 20 years' imprisonment on the charge of robbery, and a period of not less than 15 nor more than 20 years' imprisonment on the charge of assault in the first degree. (*Id.* at CM/ECF pp. 20-21.)

Zimmerman appealed the state district court's judgment and sentence. (*Id.* at CM/ECF p. 1.) However, the Nebraska Court of Appeals dismissed the appeal because it was not timely filed. (*Id.* at CM/ECF p. 27.)

B.  **Post-Conviction Motion**

Zimmerman filed a motion for post-conviction relief in the state district court on May 20, 2009. (*Id.* at CM/ECF p. 31.) The state district court granted Zimmerman a new direct appeal upon a finding that the clerk of the state district court had placed the incorrect date of filing on Zimmerman's notice of appeal. (*Id.* at CM/ECF p. 44.)

C.  **Second Direct Appeal**

Zimmerman filed a second notice of appeal on August 7, 2009. (*Id.* at CM/ECF p. 50.) On January 29, 2010, the Nebraska Court of Appeals sustained the State of Nebraska's motion for summary affirmance. (*See* Filing No. 19-2 at CM/ECF p. 5.) Zimmerman did not petition the Nebraska Supreme Court for further review. (*Id.*)

D.  **Habeas Petition**

Zimmerman filed his habeas corpus petition in this court on December 13, 2012. (Filing No. 1.) In response to the petition, Respondent filed an answer, a brief in support of the answer, and the relevant state court records. (Filing No. 19, Filing No. 20, and Filing No. 21.) Thereafter, Zimmerman filed a brief in support of his petition. (Filing No. 28.) The court deems this matter fully submitted.

## II. ANALYSIS

Respondent argues that Zimmerman's habeas corpus petition is barred by the relevant statute of limitations. The court agrees.

A.  **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

2

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

This statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012), (citing § 2244(d)(2)). A post-conviction application is considered "pending" until the state court "issue[s] its mandate or denie[s] review," even if a petitioner files a petition for certiorari in the Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007), ("The application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

This case concerns only § 2244(d)(1)(A), as Zimmerman does not argue that his habeas corpus petition is timely filed under § 2244(d)(1)(B), (C), or (D). Under § 2244(d)(1)(A), Zimmerman was required to file his Petition within one year of "the date on which [his] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The Supreme Court recently addressed the point at which a judgment becomes "final" for purposes of § 2244(d)(1)(A).

3

In *Gonzalez v. Thaler*, the Supreme Court held that, for petitioners who pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the [Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler,* --- U.S. ---- 132 S. Ct. 641 (2012). For all other petitioners, the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires." *Id.* at 653-54. If the Supreme Court has jurisdiction to review the direct appeal, "the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system." *King*, 666 F.3d at 1135, (citing Sup.Ct. R. 13.1).

Here, the Nebraska Court of Appeals sustained the State of Nebraska's motion for summary affirmance on January 29, 2010, and Zimmerman did not petition the Nebraska Supreme Court for further review. (*See* Filing No. 19-2 at CM/ECF p. 5.) Therefore, Zimmerman's conviction became final on February 28, 2010, the date on which his time for seeking review in the Nebraska Supreme Court expired. *See Gonzalez*, 132 S. Ct. at 646, ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."). Zimmerman filed his habeas corpus petition in this court 1019 days later, on December 13, 2012. The statute of limitations period was not tolled between February 28, 2010, and December 13, 2012, because Zimmerman did not file a post-conviction action at the conclusion of his second direct appeal. Thus, at least 1019 days count toward the one-year limitations period. In light of this, the court finds that Zimmerman's Petition is untimely under § 2244(d)(1)(A).

4

**B.  Equitable Tolling**

Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006), (internal quotation omitted).  Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008), (internal quotation omitted).  As such, "equitable tolling is an exceedingly narrow window of relief."  *Id.* (internal quotation omitted).

Here, Zimmerman has not argued, much less established, that he pursued his rights diligently or that extraordinary circumstance prevented him from filing his habeas corpus petition sooner.  Rather, he argues "there is no way that someone in state custody can get everything laid out in the allowed time under 28 U.S.C. § 2244(d)(1)" (Filing No. 27 at CM/ECF p. 1), and that "it takes time to get the funding to get copies and to file the right paper work" (Filing No. 28 at CM/ECF p. 11).  However, Zimmerman's difficulty preparing legal documents are "the kinds of obstacles faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting the one-year limitations period."  *Jihad v. Hvass*, 267 F.3d 803, 806-07 (8th Cir. 2001).  In other words, these were not extraordinary circumstances beyond Zimmerman's control.

**C.  Actual Innocence**

In *McQuiggin v. Perkins*, --- U.S. ----, 133 S. Ct. 1924 (2013), the Supreme Court held that a habeas corpus petitioner can overcome the expiration of AEDPA's statute of limitations by making a convincing showing of actual innocence.  *See McQuiggin*, 133 S.

Ct. 1928. The Court held that a petitioner attempting to show actual innocence is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S.Ct. at 1982, (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Here, Zimmerman does not argue that he is actually innocent. In addition, Zimmerman has produced no new evidence in support of a claim that he is actually innocent. Accordingly, for the reasons set forth above, Zimmerman's petition for writ of habeas corpus is barred by AEDPA's statute of limitations, and Zimmerman has failed to overcome the procedural bar.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Zimmerman has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice, and a separate judgment will be entered in accordance with this Memorandum and Order; and

2. The court will not issue a certificate of appealability in this matter.

DATED this 2nd day of July, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.